Ronald Wilcox, State Bar No. 176601
Attorney at Law
2160 The Alameda, Suite F, 1st Floor
San Jose, California 95126
Telephone Number: (408) 296-0400
Facsimile Number: (408) 296-0486

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| GUILLERMINA LAWRENCE,<br><br>                    Plaintiff,<br><br>v.<br><br>NATIONAL RECOVERY,<br>INCORPORATED and GLENNA RAY,<br><br>                    Defendants. | Case No. _____<br><br><br>**COMPLAINT** |

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1.   This is an action for damages brought by consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq.* (hereinafter "state Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Plaintiff alleges that Defendants sent letters that were false, deceptive, and misleading, in violation of the debt collection laws.

2. According to 15 U.S.C. § 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff GUILLERMINA LAWRENCE (hereinafter "Ms. Lawrence") is a natural person residing in Contra Costa County, California.

5. Ms. Lawrence is a "consumer" as defined by 15 U.S.C. § 1692a(3) and is a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

6. Defendant NATIONAL RECOVERY, INCORPORATED (hereinafter "Defendant Collector") is a Colorado corporation and regularly engages in the collections of debt with a principal place of business of 2020 S. Oneida St., Suite 205, Denver, CO 80224.

7. Defendant Collector is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2.

8. Defendant GLENNA RAY (hereinafter "Defendant Ray") is an employee of Defendant Collector. The principal business of Defendant Ray is the collection of debts using the mails and telephone, and Defendant Ray regularly attempts to collect debts alleged to be due another.

9. Defendant Ray is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2.

10. Plaintiff alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or representative capacity with the permission, knowledge, consent and ratification of the other Defendants.

11. Any reference hereinafter to "Defendant" or "Defendants" or "Defendant Collector", without further qualification is meant by the Plaintiff to refer to each Defendant named above.

## IV. FACTUAL ALLEGATIONS

12. Ms. Lawrence allegedly incurred a consumer obligation to TCF National Bank. The alleged debt was for personal, family or household purposes and was a result of a consumer credit transaction.

13. Ms. Lawrence is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Ms. Lawrence, the debt was sold, assigned or otherwise transferred to Defendant Collector.

14. On or about September 28, 2006, Defendant Collector sent a collection letter to Ms. Lawrence, in an attempt to collect a debt or collect payment on a debt, and was Defendant Collector's first written notice addressed to the Plaintiff in connection with collecting the debt.

15. The September 28, 2006 collection letter contains a header that reads:

## CLAIM NOTICE

16. The September 28, 2006 collection letter references: "TCF BANK, CLIENT ACCT 8857160820 15, AGENCY ACCT 113665, AMOUNT CLAIMED: $142.73."

17. The September 28, 2006 collection letter failed to provide the required notice pursuant to Cal. Civil Code § 1812.700.

18. Defendant's failure to provide proper notice to California consumers of their rights violated state and federal law pursuant to Cal. Civil Code § 1812.700, 15 U.S.C. §§ 1692e and 1692f.

19. On or about November 22, 2006, Defendant Collector sent another collection letter to Ms. Lawrence, in an attempt to collect a debt or collect payment on a debt.

20. The November 22, 2006 collection letter contains a header that reads:

## CLAIM NOTICE

21. The November 22, 2006 collection letter references: "TCF NATIONAL BANK, CLIENT ACCT 8857160820 15, AGENCY ACCT 113665, AMOUNT CLAIMED: $147.03."

22. The body of the November 22, 2006 collection letter states in part:

"During the course of our investigation we have found that you may be employed.

In order to avoid additional collection efforts, which may include referral to an attorney, remit payment in full now."

23. The bottom of the November 22, 2006 collection letter states in part:

"IF YOU REFUSE TO PAY YOUR DEBT OR WANT US TO STOP ALL FUTHER COMMUNICATION WITH YOU, NOTIFY US IN WRITING AND WE WILL NOT COMMUNICATE FURTHER WITH YOU EXCEPT TO ADVISE YOU THAT WE INTEND TO INVOKE REMEDIES WHICH WE ORDINARILY INVOKE AND OUR FINAL COMMUNICATION OF OUR ACTIONS AND INTENTIONS WILL BE IN WRITING."

24. The November 22, 2006 collection letter was not signed but the signature line contained the name, "MRS. GLENNA RAY." ("Defendant Ray" herein).

25. Defendant Collector's letters falsely threatened imminent action not intended and not taken within the time frame threatened, including legal action.

26. Defendant Collector's letters contains false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

27. Defendant Collector's letters created a false sense of urgency.

28. Defendant Collector did not file suit against Ms. Lawrence as threatened nor did they intended to within the time frame threatened.

29. Defendants sent letters in the form of the September 28, 2006 and the November 22, 2006 collection letters to 40 or more persons in California in the one-year preceding the filing of this complaint. Plaintiff may seek to amend to add class allegations at a later time.

30. As a result of the above failure and violation of federal and state debt collection laws, Defendants are liable to Ms. Lawrence for statutory damages, attorney's fees, and costs.

## V. <u>FIRST CAUSE OF ACTION</u>

**(Federal Fair Debt Collection Practices Act 15 U.S.C. § 1692)**

31. Plaintiff incorporates by reference each and every paragraph alleged above.

32. Through its acts and omissions, Defendants violated 15 U.S.C. § 1692 *et seq.*, including but not limited to, 15 U.S.C. § 1692e to 1692f, by attempting to collect a debt through abusive, unfair and deceptive means.

33. Defendants violated 15 U.S.C. §§ 1692e and 1692e(5) by falsely threatening imminent action not intended and not taken within the time frame threatened, including legal action.

34. Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) by using false, deceptive, and misleading statements in an attempt to collect a debt or collect payment on a debt.

35. Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) by creating a false sense of urgency.

36. Defendants violated 15 U.S.C. §§ 1692e and 1692f by using unfair and unconscionable means in an attempt to collect a debt or collect payment on a debt.

## VI. <u>SECOND CAUSE OF ACTION</u>

**(California Fair Debt Collection Practices Act Civil Code § 1788)**

37. Plaintiff incorporates by reference each paragraph alleged above.

38. The foregoing acts and omissions constitute unfair or deceptive and/or unconscionable trade practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq*.

39. Defendants violated Cal. Civil Code § 1788.17, which provides that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §

1692b to 1692j and shall be subject to the remedies of § 1692k of Title 15 of the United States Code.

40. Defendants violated Cal. Civil Code § 1788.13(j) by falsely threatening a lawsuit had been, or was about to be filed.

41. Defendants failed to include the notice required by Cal. Civil Code § 1812.700(a) in its first written notice to Plaintiff, in violation of Cal. Civil Code §§ 1788 *et seq*.

42. Defendants' acts described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1812.702.

43. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

44. Pursuant to Cal. Civil Code 1788.32, the remedies under Civil Code are intended to be cumulative and in addition to any other remedies under any other law.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

A. Declare the Defendants' conduct violated the FDCPA and Cal. Civil Code § 1788.

B. Statutory and actual damages pursuant to Cal. Civil Code §§ 1788.17, 1788.30, and 15 U.S.C. § 1692k.

C. Costs and reasonable attorney's fees pursuant to Cal. Civil Code §§ 1788.17, 1788.30, and 15 U.S.C. § 1692k.

E. Grant such other and further relief as it deems just and proper.

Respectfully submitted,

_____        _____
Ronald Wilcox, Attorney for Plaintiff                Date

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

_____        _____
Ronald Wilcox, Attorney for Plaintiff                Date