Mark E. Ellis - 127159
Kimberly E. Lewellen - 243663
ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants
NATIONAL RECOVERY, INCORPORATED AND GLENNA RAY

UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORN

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| GUILLERMINA LAWRENCE,,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL RECOVERY INCORPORATED and GLENNA RAY,,<br><br>    Defendants. | Case No.: C07 05006 CW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>*DEMAND FOR JURY TRIAL* |

    Defendants NATIONAL RECOVERY INCORPORATED and GLENNA RAY hereby respond to plaintiff's Complaint as follows:

    1.    As to paragraph one, Defendants deny each and every allegation therein.

    2.    As to paragraph two, Defendants admit that **15 U.S.C. § 1692** states the quoted language.

    3.    As to paragraph three, Defendants possess insufficient information to admit or deny, and, hence, they deny each and every allegation therein.

    4.    As to paragraph four, Defendants deny each and every allegation therein.

    5.    As to paragraph five, Defendants possess insufficient information to admit or deny, and, hence, they deny each and every allegation therein.

6. As to paragraph six, Defendants admit these allegations.

7. As to paragraph seven, Defendants admit this allegation.

8. As to paragraph eight, Defendants admit the allegation in the first sentence; Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation in the second sentence in this paragraph.

9. As to paragraph nine, Defendants admit this allegation, Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation.

10. As to paragraph ten, Defendants lack information or belief sufficient to admit or deny these allegations, and, hence, they deny the allegations.

11. As to paragraph eleven

12. As to paragraph twelve, Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation.

13. As to paragraph thirteen, Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation in this paragraph.

14. As to paragraph fourteen, Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation in this paragraph.

15. As to paragraph fifteen, Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation in this paragraph.

16. As to paragraph sixteen, Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation in this paragraph.

17. As to paragraph seventeen, Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation sentence in this paragraph.

18. As to paragraph eighteen, Defendants deny the allegation.

19. As to paragraph nineteen, Defendants deny the allegation.

20. As to paragraph twenty, Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation in this paragraph.

21. As to paragraph twenty one, Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation in this paragraph.

22. As to paragraph twenty two, Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation in this paragraph.

23. As to paragraph twenty three, Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation in this paragraph.

24. As to paragraph twenty four, Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation in this paragraph.

25. As to paragraph twenty five, Defendants deny the allegation.

26. As to paragraph twenty six, Defendants deny the allegation.

27. As to paragraph twenty seven, Defendants deny the allegation.

28. As to paragraph twenty eight, Defendants deny the allegation.

29. As to paragraph twenty nine, Defendants lack information or belief sufficient to admit or deny this allegation, and, hence, they deny the allegation in this paragraph.

30. As to paragraph thirty, Defendants deny the allegation.

31. As to paragraph thirty, Defendants incorporate each and every response above.

32. As to paragraph thirty two, Defendants deny the allegation.

33. As to paragraph thirty three, Defendants deny the allegation.

34. As to paragraph thirty four, Defendants deny the allegation.

35. As to paragraph thirty five, Defendants deny the allegation.

36. As to paragraph thirty six, Defendants deny the allegation.

37. As to paragraph thirty seven, Defendants incorporate each and every response above.

38. As to paragraph thirty eight, Defendants deny the allegation.

39. As to paragraph thirty nine, Defendants deny the allegation.

40. As to paragraph forty, Defendants deny the allegation.

41. As to paragraph forty one, Defendants deny the allegation.

42. As to paragraph forty two, Defendants deny the allegation.

43. As to paragraph forty three, Defendants deny the allegation.

44. As to paragraph forty four, as stated, Defendants cannot admit nor deny the allegation. As to plaintiff's prayer for relief, Defendants deny that plaintiff is entitled to any damages or

recovery at all.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendants set forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

30.  Defendants allege that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

31.  Defendants allege that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

32.  Defendants allege that Plaintiff herself was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to her injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

33.  Defendants allege that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against this Defendant should be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

34.  Defendants allege that Plaintiff failed and neglected to use reasonable care to protect her and to minimize and/or mitigate the losses and/or damages asserted in the complaint.

### SIXTH AFFIRMATIVE DEFENSE

35.  Defendants allege that all of their actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary.

### SEVENTH AFFIRMATIVE DEFENSE

36.  Defendants allege that they have no civil liability under the FDCPA, 15 U.S.C. § 1692, *et seq.*, or Rosenthal FDCPA, pursuant to 15 U.S.C. § 1692k(c) and Civil Code §§ 1788.30(d), (e) and

(g) as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation, the Defendants have "cured" any purported violation, and Plaintiff herself violated the provisions of the Rosenthal Act.

### EIGHTH AFFIRMATIVE DEFENSE

37. Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is barred by the communication privilege embodied either in Civil Code § 47(c), or arising under federal and state common law.

### NINTH AFFIRMATIVE DEFENSE

38. Defendants allege that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendants' actions were taken in reasonable reliance upon information provided by its client pursuant to **Ducrest v. Alco Collections, Inc.** (M.D. La. 1999) 931 F.Supp. 459, 462, and **Hulse v. Ocwin** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

### TENTH AFFIRMATIVE DEFENSE

39. Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

40. Defendants allege it is entitled to a setoff under **Code of Civil Procedure § 431.70** against any damages to which Plaintiff claims an entitlement based upon Plaintiff's outstanding obligation.

### TWELFTH AFFIRMATIVE DEFENSE

41. Defendants allege that the representations or statements made by Defendant was true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their truth, validity and accuracy.

### THIRTEENTH AFFIRMATIVE DEFENSE

42. Defendants allege that statutory and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

43. Defendants allege that Plaintiff's Complaint, and each and every cause of action therein,

is barred by the doctrine of estoppel and/or waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

44. Defendants allege that any acts attributed to this Defendant were performed in good faith in conformity with advisory opinions of the Federal Trade Commission pursuant to 15 U.S.C. § 1692k(e), or in conformance with California law.

## SIXTEENTH AFFIRMATIVE DEFENSE

45. Defendants hereby allege the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality, license, failure to join an indispensable party, and abatement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

46. Defendants presently have insufficient knowledge or information on which to form a belief as to whether Defendants may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE**, Defendants pray for:

1. That Plaintiff takes nothing from these answering Defendants by her Complaint;
2. That Defendants be awarded judgment in this action;
3. For attorney's fees incurred herein, pursuant to statute;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems proper.

Dated: October 23, 2007

Ellis, Coleman, Poirier, LaVoie, & Steinheimer LLP

By  /s/ *Mark E. Ellis*
Mark E. Ellis
Attorney for Defendant(s)
NATIONAL RECOVERY, INCORPORATED AND
GLENNA RAY